IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-393-RJC-DCK

| | |
|---|---|
| TVL INTERNATIONAL, LLC, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| ZHEJIANG SHENGHUI LIGHTING CO., LTD, and SENGLED USA, INC., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss" (Document No. 8). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. BACKGROUND

TVL International, LLC ("Plaintiff" or "TVL") initiated this action with the filing of a "Petition to Confirm Arbitration Award" against Zhejiang Shenghui Lighting Co., Ltd. and SengLED USA, Inc. (collectively "SengLED" or "Defendants") on August 10, 2019 in this Court. (Document No. 1). TVL is a Delaware corporation with its principal place of business in Matthews, North Carolina. <u>Id.</u> at p. 3. Zhejiang Shenghui Lighting Co., Ltd. "is a Chinese manufacturer of LED light bulbs" headquartered in China, and SengLED USA, Inc. is a wholly owned subsidiary with a principal place of business in Alpharetta, Georgia. <u>Id.</u> The Petition seeks to confirm an arbitration award that TVL was issued by a three-person arbitration panel in

Charlotte, North Carolina in connection with the American Arbitration Association's International Centre for Dispute Resolution ("ICDR"). Id. at p. 4.

According to Defendants' "Memorandum of Law In Support Of Motion To Dismiss," SengLED and TVL's relationship began in December 2014, after the companies met at a trade show and entered into a non-disclosure agreement ("NDA") to further their "joint development efforts on a potential battery back-up LED light bulb product." (Document No. 9, p. 2). In 2015, TVL and SengLED stopped working together, and both parties eventually developed their own battery back-up LED lightbulbs. Id. TVL's Petition notes that the parties' NDA "contains a mandatory arbitration provision calling for arbitration of covered disputes in North Carolina," highlighting that the language of the NDA called for arbitration to be "administered by the American Arbitration Association in North Carolina in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof." (Document No. 1, at pp. 2-3). According to SengLED, "TVL's arbitration demand alleged: Breach of the Non-Disclosure Agreement, Breach of the Covenant of Good Faith and Fair Dealing, Fraud, Violation of the Federal Defend Trade Secrets Act, Violation of the North Carolina Trade Secrets Protection Act, and Violation of the North Carolina Unfair and Deceptive Trade Practices Act." (Document No. 9, pp. 2-3).

The arbitration panel issued a Partial Final Award on March 25, 2019, in the amount of $449,569.12 for compensatory damages and $1,348,707.36 for punitive damages, plus pre-award and post-award interest. (Document No. 1, at p. 5). The panel issued its Final Award on August 9, 2019, awarding TVL $954,216.50 in attorneys' fees and costs, $88,222.74 in pre-award interest, $30,250.00 for the ICDR's fees and expenses, and $242,629.62 for compensation of the arbitrators

and related expenses – and for the latter two amounts, Defendants were to reimburse TVL for $151,574.81 of those expenses. Id. at pp. 5-6.

Defendants filed the pending "Motion to Dismiss" on October 2, 2019, alleging that Plaintiff's "Petition To Confirm Arbitration Award" should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Document No. 8, at p. 1). The motion to dismiss has now been fully briefed. See (Document Nos. 9, 19, 20).[1]

## II. STANDARD OF REVIEW

Ordinarily, Rule 4 of the Federal Rules of Civil Procedure governs the requirements for how service of the summons and complaint is to be made. Fed.R.Civ.P. 4(e), (f). Rule 4(e) governs the requirements for service when the individual to be served is within "a judicial district of the United States." Fed.R.Civ.P. 4(e). Rule 4(f), by contrast, governs the requirements for service when the individual to be served is "not within any judicial district of the United States" – that is, the individual is in a foreign country. Fed.R.Civ.P. 4(f). When the entity located abroad is a foreign corporation, Rule 4(h)(2) makes clear that Rule 4(f) governs the service requirements (notably excluding personal delivery as a permissible form of service for a foreign corporation). Fed.R.Civ.P. 4(h)(2). Under Rule 4(f), service on an individual in a foreign country is to be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed.R.Civ.P. 4(f)(1). Notably, however, both subdivisions provide a carve-out to their respective requirements – "[u]nless federal law provides

---

[1] Of note, The Honorable Robert J. Conrad, Jr. issued an order on March 16, 2020 consolidating this case with SengLED USA, Inc. and Zhejiang Shenghui Lighting Co., Ltd v. TVL International, LLC, 3:19-cv-00591. (Document No. 26). In that case, SengLED filed a "Petition To Vacate And/Or Modify Arbitration Award" on November 4, 2019 regarding the same arbitration award at issue in this case. (Document No. 1 in case no. 3:19-cv-00591). The case is also related to a separate action, SengLED USA, Inc. and Zhejiang Shenghui Lighting Co., Ltd. v. TVL International, LLC, 3:19-cv-00497, also ongoing before this district court. In that case, SengLED brought a complaint against TVL seeking 3 declaratory judgments that (1) TVL's patent is invalid; (2) SengLED is not infringing TVL's patent; (3) no manufacturing agreement existed between the parties; and a separate claim for (4) breach of a technology development contract. (Document No. 1 in case no. 3:19-cv-00497).

3

otherwise." Fed.R.Civ.P. 4(e), (f).  Here, the Federal Arbitration Act ("FAA") is instructive, governing the requirements for service of an action to confirm an arbitration award:

> Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. *If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court*.

9 U.S.C. § 9 (emphasis added).

When service is improper or insufficient, a defendant may challenge the claim for dismissal under Rule 12(b)(5), whereupon the Plaintiff then bears the burden of establishing that service has been performed according to the Rule. McRae v. Rogosin Converters, Inc., 301 F. Supp. 2d 471 (M.D.N.C. 2004); Colon v. Pencek, 2008 WL 4093694, at *2 (W.D.N.C. Aug. 28, 2008); Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).  Moreover, "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general are entitled to a liberal construction." Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).  If a defendant has received actual notice, "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Id. Still, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored…particularly when the means employed engender[] [] confusion" on the part of defendant. Id. "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); accord Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).

4

## III. DISCUSSION

In their "Motion to Dismiss," Defendants ask the Court to dismiss Plaintiff's "Petition To Confirm Arbitration Award" pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. (Document No. 8, p. 1). SengLED argues that TVL failed to conduct service of process in accordance with "Section 9 of the Federal Arbitration Act," "Federal Rule of Civil Procedure 4," and "the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters" ("Hague Convention"). (Document No. 9, p. 1). In its memorandum in support of its motion to dismiss, Defendants contend that service was made "via an email to SengLED's outside counsel[,] [then was] followed up with hard copies to SengLED's outside counsel." Id. at p. 3. TVL in its response to the motion does not disagree on this point – it confirms that it "served SengLED's counsel with the Petition to Confirm, and the summonses, both by email and by FedEx." (Document No. 19, p. 5 n.1). TVL also contends that it "served both SengLED entities directly by FedEx" and also by FedEx to SengLED USA's registered agent. Id. at p. 7, 13.

The essence of Defendants' argument for why service was improper and thus dismissal is warranted under Rule 12(b)(5) is twofold. First, as to SengLED USA, Inc., the wholly owned subsidiary of Zhejiang Shenghui Lighting Co., Ltd., a Georgia corporation, Defendants argue that service failed to comply with the clear terms of the Federal Arbitration Act, the relevant provision of which (at 9 U.S.C. § 9) requires that service by marshal be made upon SengLED USA, Inc. (Document No. 9, p. 4). Defendants argue that this service-by-marshal provision from the statute applies because SengLED USA, Inc. is not a resident of the district in which the award was made (the Western District of North Carolina), given that it is a Georgia corporation – and service for non-residents must be effectuated via marshal. Id.

Second, as to Zhejiang Shenghui Lighting Co., Ltd., a China corporation – resident of neither North Carolina nor any other U.S. district – Defendants argue that service failed to comply with the Hague Convention. Id. at p. 7. Here, Defendants point to Rule 4(f)(1) of the Federal Rules of Civil Procedure, which provides for how service is to be made upon individuals (and by extension, corporations, per Rule 4(h)(2)) in foreign countries: "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed.R.Civ.P. 4(f)(1). (Document No. 9, p. 7). Defendants note that service under the Hague Convention must be conducted in coordination with the foreign country's Central Authority. Id. Since TVL did not make an attempt to coordinate with the Chinese Central Authority to effectuate service of process upon Zhejiang Shenghui Lighting Co., Ltd., SengLED argues that service was therefore defective under Rule 4 of the Federal Rules of Civil Procedure as to the Chinese corporation. Id.

In closing, Defendants argue that the Court should grant their motion to dismiss under 12(b)(5) because service upon SengLED's outside counsel was improper considering that TVL did not make service properly upon either SengLED entity before serving their attorneys. Id. at p. 9. Defendants contend that "improper service of process, even if it results in notice, is not sufficient to confer personal jurisdiction." Id. at pp. 9-10. In a last effort to persuade the Court, SengLED argues that they never "agreed to waive the requirements of Section 9 of the FAA, nor ha[ve they] authorized [] outside counsel to accept service on its behalf." Id. at p. 10.

In opposition, TVL contends first that SengLED clearly had actual notice of the Petition, given that it was "promptly served upon SengLED's counsel who have represented it for more than two full years, both through the entirety of the arbitration and in the declaratory judgment action SengLED filed in Delaware." (Document No. 19, pp. 3-4). Given Defendants' actual

6

notice, in conjunction with the reasoning summarized below, TVL argues that "interests of justice, fairness, and underlying policy considerations patently favor denial of SengLED's motion." Id. at p. 6.

Plaintiff TVL makes clear its position that "SengLED was duly and properly served with TVL's Petition to Confirm the Arbitration Award under the FAA because this action arises pursuant to an arbitration in which SengLED has consented to personal jurisdiction in this Court." Id. at p. 6. Next, TVL contends that "SengLED expressly consented to service by mail and email of papers and notices served in connection with this action to confirm the arbitration award," given that the parties' NDA specifically incorporated the American Arbitration Association ("AAA") Commercial Arbitration Rules and SengLED specifically consented to the applicability of such Rules before the arbitral tribunal. Id. Rule 43(a) of the AAA Commercial Arbitration Rules provides:

> Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, *for any court action in connection therewith, or for the entry of judgment on any award made under these rules* may be served on a party *by mail addressed to the party or its representative* at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

Rule 43(a), Commercial Arbitration Rules and Meditation Procedures, American Arbitration Association (emphasis added). Rule 43(b) similarly indicates that the parties "may also use overnight delivery or electronic facsimile transmission (fax), or electronic (e-mail) to give the notices required by these rules." Id.

In addition to its argument that SengLED specifically consented to service by mail and email through its acceptance of the AAA Commercial Arbitration Rules through the parties' NDA and before the arbitral tribunal, TVL makes a second primary argument for why the motion to

dismiss should be denied: SengLED had actual notice of the Petition, and that is sufficient under the FAA.  TVL supports such an argument by citing to multiple cases that indicate that "having actual notice of the petition to confirm an arbitration award when the parties have already consented to personal jurisdiction is legally sufficient service of the confirmation action." Id. at pp. 7-8.

The undersigned has considered the pending motion and the related briefs, and it is abundantly clear to the Court that the motion to dismiss for insufficient service of process should be denied.  This conclusion rests upon two primary factors, each of which the Plaintiff convincingly showed in its response to the motion to dismiss: (1) Defendants had actual notice of the Petition, which is sufficient under the FAA when the court action relates to an arbitration proceeding, during which the Defendants consented to personal jurisdiction in this Court; and (2) Defendants specifically consented to service via mail and email to their representatives (here, SengLED's outside counsel) when they signed the NDA, which incorporated the AAA Commercial Arbitration Rules, and also when they agreed to the procedures set forth by the arbitral tribunal, which indicated that the AAA Rules would govern.  With respect to the second factor, the AAA rules explicitly permit service to be made via mail and email to a party's representative in a court action to confirm an arbitration award.  Plaintiff has thus met its "burden of establishing that service of process has been accomplished in a [compliant] manner."  Plant Genetic Sys., 933 F. Supp. at 526.

Under the FAA, as Plaintiff makes clear, any method of service that provides for the adverse party to have actual notice of an action to confirm the arbitration award is sufficiently compliant with the terms of the statute.  Here, it is evident that SengLED did have such actual notice, and its arguments about improper service of process are thus unavailing.  In this case, given

8

Case 3:19-cv-00393-RJC-DCK    Document 30    Filed 02/03/21    Page 8 of 13

the context of a court action filed to petition the Court to confirm an arbitration award, the service of process requirements in Federal Rule of Civil Procedure 4 are displaced by the FAA, given the carve-out in Rule 4 for federal law to otherwise provide the service requirements. Fed.R.Civ.P. 4(e), (f). Although the FAA provides for a method of service—by marshal—of the petition to confirm the arbitration award when the party to be served is a "nonresident" of the district (like SengLED USA, Inc., located in Georgia), such a provision in 9 U.S.C. § 9 only clearly applies to those located somewhere within the jurisdiction of the United States. As to parties located abroad that are to be served with the petition (like Zhejiang Shenghui Lighting Co., Ltd.), the FAA is noticeably silent about the proper method for service. Plaintiff rightly highlights this statutory ambiguity, noting that "[w]hile Rule 4 provides an appropriate mechanism for service [that is, through the Hague Convention's methods], case law is clear that actual notice is the only absolute prerequisite." (Document No. 19, p. 18). Moreover, even the service by marshal requirement for non-residents of the district where the court action is filed is not the only permissible, legally compliant form of service for such entities.

Consistent with the Fourth Circuit's directive that when a defendant receives actual notice from whatever service method the plaintiff employed, the rules "are entitled to a liberal construction." Armco, Inc., 733 F.2d at 1089. As the Plaintiff argues, "[i]n cases resulting from arbitration proceedings where the parties have consented to the jurisdiction of the district court, the sole purpose of service is to provide notice that a court action has commenced." Power Elec. Distribution, Inc. v. Hengdian Grp. Linix Motor Co., Ltd., 2015 WL 880642, at *6 (D. Minn. Mar. 2, 2015) (citations omitted); accord In re InterCarbon Bermuda, Ltd. v. Caltex Trading & Transp. Corp., 146 F.R.D. 64, (S.D.N.Y. 1993) ("[d]efects in service of process may nevertheless be excused where considerations of fairness so require, at least in cases that arise pursuant to

9

arbitration proceedings"). And especially in the context of court actions related to arbitration proceedings, "[r]eceipt of actual notice is an important factor in considering whether service of process was adequate." Int'l Relief and Dev., Inc. v. Ladu, 2012 WL 12973666, at *5 (E.D. Va. Jan. 12, 2012) (citations omitted). Indeed, one of the cases that Defendants cite to support their argument that strict compliance with the FAA's service by marshal requirement is necessary (as to the SengLED USA entity in Georgia) expressly distinguishes the facts in that case from other cases that give effect to the proposition that actual notice is sufficient to satisfy service of process requirements in arbitration-related court actions. Shaut v. Hatch, 2018 WL 3559081, at *3 (N.D. Ohio July 24, 2018). In that case, although "email service was used in the underlying arbitration," prior to the filing of the petition to confirm the arbitral award, "Petitioners' [sic] attorney specifically refused to accept service or email service." Id. Still, the court in that case recognized that "facts or equities" could justify a departure from the strict language of the FAA statute and its requirements for service. Id.

SengLED clearly had actual notice of the petition to confirm the arbitration award and never denies that they had actual notice, as Defendants rightly point out. (Document No. 19, p. 6). Here, in contrast to the Shaut case cited above, Defendants' attorney never indicated to Plaintiff before Plaintiff's filing of the action to confirm the arbitration award that it would not continue its acceptance of service of documents by mail and email, as was the established practice in the underlying arbitration proceeding. Thus, Defendants' argument in support of its motion to dismiss is not persuasive – the Fourth Circuit specifically indicates that without "confusion" on the part of defendant, and where the defendant has "actual notice," service of process may not be invalidated. Armco, Inc., 733 F.2d at 1089. The cases cited above further provide support for this notion, especially considering the context of the underlying arbitration proceeding in this case.

10

Case 3:19-cv-00393-RJC-DCK   Document 30   Filed 02/03/21   Page 10 of 13

The second factor pointing to dismissal of the pending motion is that SengLED expressly consented to be bound in the underlying arbitration proceeding and related court actions, including those to confirm an arbitration award, by the AAA Commercial Arbitration Rules. Those rules explicitly provide for service on a party's "representative" "by mail" or "e-mail" in connection with "any court action…for the entry of judgment on any award made." Rule 43(a), (b). Given the explicit language in the AAA rule indicating that service upon a "representative" is permissible, SengLED's arguments to the contrary that service upon its outside counsel was deficient are therefore erroneous. TVL in its "Petition To Confirm Arbitration Award" cites to paragraph 9.1 of the NDA that specifically indicates that the parties agreed to be bound by the AAA Commercial Arbitration Rules. (Document No. 1, pp. 3-4). SengLED does not dispute that it signed the NDA. (Document No. 9, p. 2). TVL also contends that the tribunal noted that the AAA Rules would apply in the arbitration proceedings, as set forth in the tribunal's procedural order. (Document No. 19, p. 5).

Thus, given SengLED's specific consent to service by mail and email through its established practice in the underlying arbitration proceeding (Document No. 19, p. 17), the AAA Commercial Arbitration Rules' applicability to court actions to confirm an arbitration award and SengLED's consent to be bound by such rules, and the actual notice that SengLED received of this action, it would be manifestly unjust to allow a motion to dismiss to proceed on deficient service of process grounds. See Collins v. D.R. Horton, Inc., 361 F. Supp. 2d 1085, 1092 (D. Ariz. 2005) (holding that service by mail was permissible with respect to a motion to confirm an arbitration award even considering the FAA's service by marshal requirement where the parties had agreements in which they consented to be bound by AAA rules that permitted service by mail). SengLED's insistence on service by marshal with respect to the SengLED USA, Inc. entity in

Georgia as provided by the FAA at 9 U.S.C. § 9 and service via the Hague Convention and the Chinese Central Authority under Rule 4(f)(1) is consequently misguided.  Nor is SengLED's argument convincing given the above reasoning that the Court does not have personal jurisdiction over it because service by marshal for the Georgia corporation and service under the Hague Convention for the Chinese corporation were not conducted.  (Document No. 9, pp. 9-10).

The undersigned thus finds the Defendants' motion to dismiss for insufficient service of process under Rule 12(b)(5) without merit, thus recommending that the motion be denied.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants' "Motion To Dismiss" (Document No. 8) be **DENIED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Id.  "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the

objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: February 2, 2021

David C. Keesler
United States Magistrate Judge