UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00393-RJC-DCK

| TVL INTERNATIONAL, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **Order** |
| ZHEJIANG SHENGHUI LIGHTING CO., LTD, and SENGLED USA, INC., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Defendants' Motion to Strike Inadmissible Evidence. (DE 50). Defendants argue that the declarations of Shailendra Suman, (DE 47), and Charles Rabon, Jr., (DE 48), which Plaintiff submitted in support of its Response in Opposition to Defendants' Motion for Summary Judgment, (DE 46), are inadmissible evidence because they were submitted after the close of discovery. As such, Defendants argue they were prejudiced.

This Court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless." *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596–97 (4th Cir. 2003). The Fourth Circuit has identified five non-exhaustive factors to guide a Court's discretion: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.* at 597; *see Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (noting the Court is "not required to tick through each" factor). The first four factors "relate mainly to the harmlessness exception, while the remaining factor . . . relates primarily to the substantial justification exception." *S. States*, 318 F.3d at 597.

To ensure neither party is prejudiced, this court declines to strike the declarations. And to make any nondisclosure harmless, this court will allow Defendants to depose the two declarants within thirty (30) days of the issuance of this order and to file a supplement to its summary judgment motion accordingly.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Strike Inadmissible Evidence, (DE 50), is **DENIED**.

2. Within thirty (30) days of the issuance of this order, Plaintiff shall make declarants Shailendra Suman and Charles Rabon, Jr. available to Defendants for deposition.

    a. Defendants may file a supplement to their motion for summary judgment after taking the depositions.

    b. The supplement shall be limited solely to the declarations and deposition testimony and may only cover the fraud and undue means claim from the summary judgment.

    c. Plaintiff's response shall be due fourteen (14) days after any supplement, and Defendants' reply shall be due seven (7) days after any response.

    d. All briefs shall be limited to a maximum of ten (10) pages.

3. The Bench trial is reset for March 7, 2022, at 9:30 AM in Courtroom #4A.

**SO ORDERED**

Signed: November 16, 2021

Robert J. Conrad, Jr.
United States District Judge